**FILED**
**Dec 10, 2025**
**01:59 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **JUDITH HOLLAND,** | ) | **Docket No.: 2021-08-1180** |
| **Employee,** | ) | |
| **v.** | ) | |
| **RANDSTAD,** | ) | |
| **Employer,** | ) | **State File No.: 39214-2019** |
| **And** | ) | |
| **INDEMNITY INS. CO. OF N. AM.,** | ) | |
| **Carrier.** | ) | **Judge Shaterra R. Marion** |
| | ) | |

---

## COMPENSATION HEARING ORDER GRANTING BENEFTIS

---

The Court held a compensation hearing on December 3, 2025, in this post-settlement medical benefits case. The main issue is whether Ms. Holland is entitled to a lumbar fusion surgery ordered by Dr. Samuel Schroerlucke. For the reasons below, the Court holds that Ms. Holland is entitled to the surgery and attorney's fees.

### History of Claim

Ms. Holland was injured at work on May 28, 2019. She selected Dr. Schroerlucke from a panel as her authorized treating physician.

Dr. Schroerlucke is a board-certified orthopedic spine surgeon, who did both adult and pediatric spine fellowships.

Dr. Schroerlucke treated Ms. Holland for six years, including a microdiscectomy in October 2019 after an MRI and injection. She continued to have right-leg pain, so he ordered another injection and physical therapy in January 2020.

Ms. Holland had continued symptoms in 2021, so Dr. Schroerlucke ordered another injection in February that did not help. After an MRI in May revealed a recurrence of Ms. Holland's stenosis, he performed a lumbar fusion in July 2021. She did relatively well after

1

the fusion, so he ordered physical therapy and ultimately placed her at maximum medical improvement on March 24, 2022.

At his deposition, Dr. Schroerlucke testified that when he released Ms. Holland at maximum medical improvement, he noted she would need future medical treatment because of the risk of degeneration at the levels of her spine next to the fusion. He also said that some people continue to have back problems after a lumbar fusion.

The parties reached a settlement of Ms. Holland's claim, which included her right to future medical care with Dr. Schroerlucke.

Ms. Holland testified that she worked from November 2023 to August 2024 as a parttime cashier for two separate employers. While they allowed her breaks to sit down, her pain forced her to stop working. She did home exercises from her physical therapy until late 2024, when it became too painful.

Unable to work, Ms. Holland returned to Dr. Schroerlucke. In November 2024, he ordered a new MRI because of her complaints of severe left-leg pain. The MRI showed disc herniation at the level above her previous lumbar fusion.

An injection on February 17, 2025, did not help with her symptoms. On March 6, Dr. Schroerlucke found Ms. Holland had left, more so than right, lower-extremity radiculopathy. Due to that, and because she "failed all conservative management," he ordered another lumbar fusion surgery. Randstad denied the surgery.

Randstad submitted the surgical order to utilization review on May 2 and only provided a March 2025 medical note for review.[1] Dr. Sean Lager, a board-certified orthopedic surgeon, noted severe low-back pain radiating to the left greater than right lower extremity that persisted despite an epidural steroid injection. However, he remarked that the MRI report cited by the record was not submitted for review. He did not recommend surgery. Ms. Holland appealed the utilization review denial to the Medical Director, Dr. Robert Snyder, who upheld the denial.

Dr. Schroerlucke continues to treat Ms. Holland and to recommend surgery to treat her pain and radiculopathy. He testified that due to the amount of time since her last MRI, he would need to do a repeat MRI and a preoperative CT scan if surgery is approved.

He explained that although he did not refer her for an independent psychological evaluation, he considered her psychiatric condition when recommending surgery. Although he did not order additional physical therapy, he considered that she had been doing her home exercises until they became too painful. He stated that conservative

---

[1] Randstad submitted the surgery to Utilization Review almost two months later than the rules allow.

measures had been considered and were ineffective and no other options remain for her except surgery.

Dr. John Lochemes conducted an independent medical examination of Ms. Holland on November 13 and did not think the fusion was medically necessary. He recommended additional physical therapy and further injections to attempt to locate the source of her pain. He did not believe the lumbar fusion would significantly improve Ms. Holland's symptoms. He also testified he found no qualifying radiculopathy on his exam, although his exam did show left-side pain that matches Ms. Holland's MRI. He did not recommend another surgery because her past fusion was unsuccessful. He defined "unsuccessful" as a lack of return to work or life function.

Dr. Lochemes is a board-certified orthopedic surgeon, but he is not certified in spine surgery. He has not done any spine fellowships. He testified that he did not have Ms. Holland's 2024 and 2025 records when he examined her and prepared his report. However, he reviewed the records before his deposition, and they did not change his opinion. He reviewed the MRI reports but not the MRI images themselves. He admitted his report is not a true account of the records he reviewed.

Dr. Lochemes does not perform spine surgery and agreed that if one of his patients needs spine surgery, he refers them to a spine specialist. He acknowledged that Dr. Schroerlucke is well regarded in the area, and the medical necessity of the lumbar fusion is just a difference of opinion between two doctors.

Ms. Holland also argued for attorney's fees because Randstad unreasonably failed to approve the surgery. Randstad stated it did nothing wrong and the fees should not be awarded because they are discretionary.

**Findings of Fact and Conclusions of Law**

*Evidentiary Ruling*

Ms. Holland attempted to enter emails through Dr. Lochemes's deposition on the scheduling of his deposition. Randstad objected, stating they are hearsay and lack proper foundation.

All the emails are between Dr. Lochemes's staff and counsel for Randstad. Dr. Lochemes did not say if he reviewed them as part of his opinions. In fact, he testified that he would have to ask his business staff to be able to answer any scheduling questions. The Court sustains the objection, as the emails are inadmissible hearsay.

*Analysis and Decision*

The issue is whether the lumbar fusion surgery ordered by Dr. Schroerlucke is medically necessary. Ms. Holland must prove her entitlement to the surgery by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2025). The Court finds she met this burden.

When an employee suffers a compensable work injury, the Workers' Compensation Law states that an employer must furnish "medical and surgical treatment as ordered by the attending physician . . . made reasonably necessary by accident[.]" *Id.* § 50-6-204(a)(1)(A).

The parties agreed that Dr. Schroerlucke was selected from a panel and is the authorized treating physician. His opinion is thus presumed to be medically necessary for Ms. Holland's treatment. *Id.* § 50-6-204(a)(3)(H). Therefore, the burden of proof "shifts to the employer to prove by a preponderance of the evidence that such prescribed treatment is *not* medically necessary." *Rhea v. Titan Transport, Inc.*, 2023 TN Wrk. Comp. App. Bd. LEXIS 16, at *8-9 (Apr. 11, 2023) (Emphasis in original).

Randstad offered the opinions of Dr. Lochemes, Dr. Lager, and Dr. Snyder. When deciding which medical opinion to accept, the Court can consider the experts' qualifications, the circumstances of their examinations, the information available to them, and the importance attached to the information by other experts. *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 676 (Tenn. 1991). As shown below, all the factors favor Dr. Schroerlucke.

Dr. Schroerlucke's specific board certification as a spine surgeon favors him on the factor of qualifications. Drs. Lochemes and Lager are board-certified orthopedic surgeons but without a certification in spine surgery. Dr. Lochemes testified that he would refer patients to someone with a spine surgery certification, like Dr. Schroerlucke, for operations similar to the lumbar fusion here.

The circumstances favor Dr. Schroerlucke as well. He treated Ms. Holland over the course of six years and performed her two earlier surgeries. Dr. Lochemes saw her once, and the other doctors did not see her at all. "It seems reasonable that the physicians having greater contact with the Plaintiff would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Id.* at 677.

As far as the information available and importance of information, Dr. Schroerlucke had all the information available. He reviewed the MRI reports and independently reviewed the imaging as well. Dr. Lochemes testified he did not have Ms. Holland's most recent records at the time of his report and examination, and what he reviewed is unclear. This is especially important because Dr. Schroerlucke's medical records conflict with some of Dr.

4

Lochemes's opinions. Particularly, Dr. Schroerlucke consistently documented radiculopathy, and Ms. Holland testified that she returned to work after the first fusion.

As for the other doctors, Dr. Lager only reviewed one visit of Ms. Holland's six-year medical history for his utilization review, and Dr. Snyder's report did not specify which records he reviewed.

All factors favor Dr. Schroerlucke and his conclusion that Ms. Holland "failed all conservative management" before he ordered this surgery. The Court agrees with Dr. Lochemes that this is simply two doctors disagreeing, and Randstad has not shown by a preponderance of the evidence that its physicians' opinions rebutted the presumption afforded Dr. Schroerlucke.

Therefore, the Court holds that the lumbar fusion surgery ordered by Dr. Schroerlucke, along with the necessary preoperative diagnostics including an MRI and CT scan, are medically necessary and shall be approved by Randstad.

*Attorney's Fees*

Tennessee Code Annotated section 50-6-226(d)(1) states an employee's attorney may be awarded a fee when the employer "[f]ails to furnish appropriate medical . . . treatment or care . . . provided for in a settlement . . . or judgment under this chapter."

In this case, the parties entered into a court-approved settlement agreement in September 2022. That agreement stated in relevant part: "Employer agrees to pay for reasonable and necessary future medical expenses for the work injury under Tennessee Code Annotated section 50-6-204."

This section of the statute does not require a detailed analysis. *McCool vs Prof'l Care Servs.,* 2025 TN Wrk. Comp. App. Bd. LEXIS 59, at *18 (Nov. 18, 2025). "Employer either provided the medical benefits as described in the court-approved settlement agreement, or it did not." *Id.*

Here, Randstad declined to approve medical care that Ms. Holland is entitled to under the terms of both the settlement agreement and section 50-6-204. Therefore, Ms. Holland's attorney is entitled to fees under section 226(d)(1)(A). The Court need not address Ms. Holland's request for an award under section 226(d)(1)(B).

**IT IS THEREFORE ORDERED** as follows:

1. Randstad or its workers' compensation carrier shall provide Ms. Holland reasonable and necessary future medical benefits under Tennessee Code Annotated

section 50-6-204(a)(1)(A), including the lumbar fusion surgery, along with any required preoperative diagnostics, ordered by Dr. Schroerlucke.

2. The Court grants Ms. Holland's request for attorney's fees under Tennessee Code Annotated section 50-6-226(d)(1)(A) because of Randstad's failure to approve the lumbar fusion. Ms. Holland's attorney shall file a motion for fees and expenses incurred in obtaining the lumbar fusion, itemized by task, date of performance, time spent, and the requested hourly rate, within ten days of the date of this order. Randstad shall have five days to respond.

3. Randstad shall pay the $150.00 filing fee to the Clerk within five business days of this order becoming final, for which execution might issue as necessary.

4. Unless appealed, this order shall become final 30 days after entry.

**ENTERED December 10, 2025.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Deposition of Dr. Schroerlucke, including attachments and Utilization Review Report of Dr. Lager
2. Jointly-Submitted Medical Records, with Table of Contents
3. Deposition of Dr. Lochemes, with attachments except for those listed in #4 below
4. *[For Identification Only]* Emails attached to Dr. Lochemes's deposition related to scheduling his deposition
5. Letter from Dr. Snyder upholding the utilization review denial
6. Settlement Agreement dated September 29, 2022
7. Settlement Agreement dated July 19, 2023

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on December 10, 2025.

| Name | Email | Service sent to: |
|---|---|---|
| Jonathan May, Employee's Attorney | X | jmay@forthepeople.com<br>sshook@forthepeople.com |
| Jenna Macnair, Rhoberta Orsland, Employer's Attorneys | X | jmacnair@manierherod.com<br>rorsland@manierherod.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*